Curia,) per RichaRdson, J.
The question for decision is this ; to which jurisdiction does it belong to try defaulters in the performance of patrol duty in the town of Beaufort ? — the defaulters to be tried under certain ordinances of the town Council, which are supposed on their part to be within their limited legislative power; that is, is the trial to be by the town Council, under their own ordinances, or must it be by the military court, under the 17th sec. p. 61, of the Act of 1839, to reduce all the patrol Acts into one Act? — such trial of course to be under the State law. This court was constituted in every militia Regiment, to try defaulters in militia duty, and the trial of defaulters in patrol duty was added to their jurisdiction by the Act of 1839.
But before we proceed, let us understand what is the judicial character and legal position of this tribunal. The .military court, like the town Council of Beaufort, is a particular tribunal of specified powers, and, like the town Council, is the creature of legislative Acts, strictly limiting their assigned jurisdiction.
These two tribunals stand in equal favor, or rather disfavor, of the general laws of the land ; that is, both are to be kept strictly within their prescribed and limited jurisdiction.
Thus stand the town Council, claiming to try the rela-tors, and the court martial, to which the relators prefer to ascribe their trial. But all legislative Acts are to be expounded with rational confidence, and be made to enure to their proper objects.
We have therefore to inquire which of the two can shew *503 the proper legislative warrant for the trial of the relators in this particular instance. In order to test the jurisdiction of the town Council, we turn, first, to the charter of 1803, 8 Stat. 221. By the 8th section, the town Council are vested “with full power and authority, from time to time, to commit to close prison, (after conviction,) in the jail of Beaufort district, or the jail in Beaufort, all such person and persons who shall inmr any penalties or forfeitures, intended to be inflicted by any of the by-laws of the said corporation, passed conformably to the powers vested in them by this Act; subject, nevertheless, to all the benefits of the insolvent debtors Act.”
This enactment, in its very terms, answers, at least in part, the second and third objections to the jurisdiction of the town Council; that is, they have authority to imprison in the jail ol the district for penalties under their proper ordinances. And it is plain that they must so imprison by means of their own authorized agent responsible to them ; else the very power to imprison would be paralized. This of course presupposes that the ordinances are within the power of the town Council. Their whole argument, in fact, depends upon that assumption. The rest of these two objections comes under the consideration of the first, which presents the proper question ; what is the jurisdiction of the town Council in the case 1 — and I proceed accordingly to the Act of 1823, 8 Stat. 330. It enacts as follows, that “ from and after the passing of this Act, the power and duty of organizing, detailing and enforcing the performance of patrol duty in the Beat company or other companies in the town of Beaufort, be, and the same is hereby, transferred to the town Council of said town.” Here we find the organization and enforcement of patrol duty in the town, plainly given to the town Council in extenso ; and why they may not pass ordinances upon the patrol duty so explicitly transferred, inflict penalties and enforce them, under the general power given by their charier, “ to imprison,” I cannot perceive. But in fact the town Council did exercise all such powers, after passing the necessary ordinances, as they set forth in their answer to the suggestion of the relators. But objection is made to such a de *504 legation of the power over patrols, in virtue of the subsequent Act of 1825, entitled “ an Act to amend the charter of the town of Camden ; and for other purposes therein mentioned,” “ that from and after the first day of January, 1826, the power and duty of regulating and superintending the patrol within the limits of the town of Beaufort, he, and the same is hereby, transferred to and devolved on the Intendant and Wardens of the said town, who are hereby vested with full powers to make all such ordinances relative to the time and manner of performing patrol duty within the limits of the said town aforesaid, as may be necessary to preserve the peace, order and safety of the inhabitants thereof.” 6 Stat. 264.
But does this Act lessen or restrict the powers given by the Act of 18231 By the Act of 1825, the power to regulate patrol duty is a second time transferred to the town Council, and more expressly the power to pass ordinances “relative to the time and manner of performing patrol duty” is given. But I can perceive, neither in its letter or spirit, any intention to take away the general delegation of the patrol to the town Council.
Are not the Acts of 1803, ’23 and ’25, to constitute but one law ? The two latter add to the powers under the charter of 1803 : 1st. by giving the whole police of the patrol duty to the town Council. 2dly. By giving them power to pass such ordinances “ relative to the time and manner of performing patrol duty, as may be necessary to preserve the peace, order and safety,” &c.
The Act of 1825 may have been passed to explain or relieve doubts; but it is not necessarily so repugnant to the Act of 1823 as to repeal it by mere implication. On the contrary, are they not Acts in pari materia, and therefore to be united 1 The patrol constitutes the usual means of enforcing a very important part of our police, and has often been put into the hands of incorporate town Councils.
The Act of 1825 not only affords no plain restriction upon that of 1823, but may have been intended to give more express power in passing ordinances upon the subject of patrols. But in any view the words “ relative to the *505 time and manner” are not in opposition, but to be understood in connection with the preceding re-enactment to transfer the patrol power to the town Council. For a proper and just construction, we must take the whole section of the Act together. It could not have been intended that the ordinance ought not to enact a penalty — that would render it a dead letter. But, if its penal enactments be right, then its enforcement against the delinquents is plainly referred back to the charter of 1803, first quoted, “ to commit to close prison” such infractors of an ordinance of the town Council.
The exact point of the case is surely this, that if the ordinances .are within the powers conferred, the town Council are right throughout. Against such constructions of the Acts of 1803, ’23 and ’25, as constituting one systematic law for the. town Council of Beaufort, the Act of 1839, for digesting the patrol laws into one Act, is also urged. The 17th section of this Act, (11 Stat. 61,) declares that “ the captain or commanding officer of a company, the leader of a patrol, and any person declared liable by this Act to perform patrol duty, who shall neglect or refuse to perform the duty required by this Act, shall be summoned to and tried by the same courts martial ordered for the trial of officers, non-commissioned officers and privates of the militia ; and execution shall be issued, and collection made, in the same manner as for military fines.” But this Act, in so many words, restrains the military jurisdiction to delinquents under that Act; to those who “neglect to perform the duty required by this Act” are the terms used ; and bear in mind, that this too is a particular jurisdiction, the creature of its charter, to be watched as closely and jealously as the town Council. Neither can be favored beyond the letter or unavoidable construction of their respective charters. But which jurisdiction shall take cognizance of the Beaufort ordinance, is still the question ; the town Council or the court martial 1
Not the court martial assuredly. Let me illustrate this by putting the following case. Suppose a motion made for a writ of mandamus to require the court martial to try these relators for their neglect to perform patrol duty in *506 the town of Beaufort, would not the following answer on the part of the colonel and his officers of the regiment be conclusive'/ “ Our jurisdiction is limited, by the Act of 1829, expressly to the neglect of the patrol duty required by that Act; and we cannot take cognizance of and enforce a penalty to be inflicted in virtue of the ordinance of the town Council.” Is it not, then, apparent that the error in the motion for a prohibition consists in assuming that the town Council are bound to proceed under the patrol laws of the State, whereas, the Acts of 1823 and 1825 expressly transfer to them, in so many words, the “power of organizing, detailing and enforcing patrol duty in the town of Beaufort,” and it follows of course they are to proceed under their own organizing, detailing and enforcing ordinances.
What other meaning, then, to justify such ordinances, can be attached to the terms, to transfer the power and duty of patrol used in these Acts 1
I should conclude that the general patrol Acts are as much lifted from the patrol duty in the town of Beaufort, and the town ordinances substituted, as the road laws of the State are from King-street, in order to put the city laws of Charleston, regulating the streets, in lieu and place of such road laws. The motion to reverse the circuit deci-¡ sion is granted.
O’Neall, Evans, Butler and Waurlaw, JJ. con? purred,